UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES E. MOORE,<br><br>　　　　　　　　　Petitioner. | Criminal Action No. 3:07-CR-266<br>Civil Action No. 3:12-CV-851 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on *pro se* Petitioner James Edward Moore's Motion to Vacate, Correct or Set Aside Sentence Pursuant to Under 28 U.S.C. § 2255(f)(3) ("§ 2255 Motion") (ECF No. 189). For the reasons set forth below, the § 2255 Motion is DISMISSED.

### I.   BACKGROUND

#### a.   *Factual Background*

As alleged in the Statement of Facts (ECF No. 76), Petitioner James Edward Moore ("Moore" or "Petitioner") along with his co-conspirators, Vincent Ydell Moore, Jr. ("Ydell"), Bessie Coretta Washington ("Washington"), Vincent Moore, Sr. ("Senior"), William Clark ("Clark"), and Carl Dandridge ("Dandridge"), did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown, to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack."

On October 30, 2006, a person secretly cooperating with law enforcement contacted Moore by telephone and arranged with him a time and location to make a transaction for a controlled substance. The individual met Moore in a parking lot in King William County, Virginia, and attempted to purchase cocaine from Moore. The purchase ultimately failed when the cooperating informant refused to purchase the controlled substance from one of Moore's

helpers rather than Moore himself.

On February 14, 2007, in the house and on the property located at 2516 Mahixon Road, Manquin, Virginia, on February 15, 2007, in the house and on the property located at 2574 Mahixon Road, Manquin, Virginia, on March 13, 2007 and on May 14, 2007, in the house and on the property located at 2801 Mahixon Road, Manquin, Virginia, and on March 29, 2007, in the house and on the property located at 3503 Bullneck Road, Caret, Virginia, a person secretly cooperating with law enforcement, who was equipped with hidden audio and visual recording equipment, purchased crack cocaine from Ydell. Ydell was a known co-conspirator of Moore's, and was supplied narcotics for sale by Moore.

On February 28, 2007, May 9, 2007, May 15, 2007, and June 26, 2007, a person secretly cooperating with law enforcement, who was equipped with hidden audio and video recording equipment, purchased crack cocaine from Washington, in the house or on the property located at 3503 Bullneck Road, Caret Virginia. Washington was a known co-conspirator of Moore's, and was supplied narcotics for sale by Moore.

On March 23, 2007, and May 3, 2007, a person secretly cooperating with law enforcement purchased crack cocaine from Clark, in the house or on the property located at 3503 Bullneck Road, Caret Virginia. Clark was a known co-conspirator of Moore's, and was supplied those narcotics by Moore.

On June 21, 2007, a person secretly cooperating with law enforcement purchased crack cocaine from Dandridge in the house and on the property located at 2574 Mahixon Road, Manquin, Virginia. Dandridge was a known co-conspirator of Moore's, and was supplied the narcotics by Moore.

The total amount of crack cocaine distributed by Moore and his conspirators was in excess of 50 grams.

    b. *Procedural Background*

On July 16, 2007, a federal grand jury in the Eastern District of Virginia returned a

twenty-count sealed Indictment against Moore and his five co-defendants, alleging: (1) conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (count one); (2) unlawful use of communication device in commission of a felony, in violation of 21 U.S.C. § 843(b) (count two); (3) attempted distribution of cocaine hydrochloride, in violation of 18 U.S.C. §§ 841 and 846 (count three); (4) distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (counts four through fifteen and count nineteen); (5) possession of a firearm by felon, in violation of 18 U.S.C. § 922(g)(1) (counts sixteen and eighteen); (6) possession of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (count seventeen); (7) maintaining establishment for drug distribution, in violation of 21 U.S.C. § 856(a)(1) (count twenty). Moore was specifically charged in counts one through seventeen and count nineteen.[1]

On August 9, 2007, Moore pleaded guilty to a Criminal Information, which charged Moore with knowingly, unlawfully and intentionally combining, conspiring, confederating and agreeing with others to commit offenses against the United States, to wit: to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," in violation of 21 U.S.C. § 846. (*See* ECF Nos. 71, 75.) On November 19, 2007, this Court sentenced Moore to 240 months' imprisonment and five years of supervised release on count one of the Criminal Information.[2] On motion of the Government, the Court dismissed the Indictment. Moore did not appeal his sentence.

Moore filed the present § 2255 Motion on November 26, 2012. In his § 2255 Motion, Moore alleges one ground for relief:

> Ground One: Ineffective assistance of trial counsel for failing to properly explain the terms of the plea agreement

The United States filed its response in opposition on January 11, 2013 ("Gov'ts Resp.") (ECF No. 191) arguing that Moore's claims are barred by the statute of limitations. Moore did not file a

---

[1] The indictment was subsequently unsealed on July 18, 2007.
[2] Moore was represented by William J. Dinkin ("Dinkin"). Dinkin's affidavit is attached to the Government's response as Exhibit 1.

3

reply, and his time for doing so has long passed. (*See* ECF No. 190.) The issue is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court generously interprets Moore's factual allegations and legal contentions.

## III. DISCUSSION

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which: (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006).

Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

With regards to the first prong of § 2255(f), a conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003); *see also United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (finality of conviction is not affected by subsequent Rule 35 sentencing reductions). Here, this Court sentenced and entered judgment against Moore on November 19, 2007. Moore had ten days from that date to file a direct appeal. *See* Fed. R. App. P. 4(b)(1) (effective until Dec. 9, 2009); (*see also* Sentencing Minutes, ECF No. 120). Moore did not file an appeal. Consequently, his sentence became final on November 29, 2007. *See Clay*, 537 U.S. at 527. He therefore had one year from November 29, 2007 to file his § 2255 Motion. 28 U.S.C. § 2255(f). Moore, however, did not file his instant Motion until November 26, 2012– nearly four years after the one-year statute of limitations had run. As a result, the present § 2255 Motion is certainly time-barred under the first prong of § 2255(f).

As to the third prong of § 2255(f), that being a new right recognized by the Supreme Court and made retroactively applicable to cases on collateral review, Moore still fails to surpass the statute of limitations. Moore's § 2255 alleges that "[o]n March 21, 2012, the U.S. Supreme Court issued a landmark decision allowing ineffective assistance of counsel to extend to the plea bargain stages. A movant has one year from the time new case law comes into play to file a motion." (§ 2255 Mot. at 1–2.) As the Government suggests, Moore is apparently referring to

5

*Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which were both decided on March 21, 2012. Although Moore filed his claim within one year of *Lafler* and *Frye*, his claim does not satisfy the other requirements of § 2255(f)(3). Specifically, *Lafler* and *Frye* have not been made retroactive on collateral review. *See United States v. Brown*, No. 3:01-CR-304-12, 2013 WL 2317794, at *3 (E.D. Va. May 28, 2013); *Kelly v. United States*, No. 1:06CR297, 2013 WL 150325, at *2 (E.D. Va. Jan. 10, 2013); *United States v. Barajas*, No. 5:07CR00011, 2013 WL 1822648, at *2 n.3 (W.D. Va. Apr. 30, 2013). Thus, Moore fails to demonstrate entitlement to a belated commencement of the limitation period or equitable tolling, and accordingly the statute of limitations bars his § 2255 Motion.

Even if Moore's claim was not barred by the statute of limitations, he wholly fails to establish ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). The second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

the outcome." *Id.* at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other. *Id.* at 697.

In the context of guilty pleas, the two-pronged *Strickland* standard similarly applies. However, for the "prejudice" requirement the Court must "focus[] on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Here, Moore claims that his counsel was ineffective for failing to explain the terms of the plea agreement, specifically the two-point enhancement for a firearm. However, the plea agreement expressly states that Moore agreed to the following guideline calculation: "Base Offense Level – 32 (150 to 500 grams of cocaine base, using the Amended Guideline for cocaine base) + *2 (firearm enhancement)* + 2 (role enhancement) – 3 (acceptance) = 33." (Plea Agt., ECF No. 75, at ¶ 5) (emphasis added). Moore signed the plea agreement, indicating that he "read the plea agreement and carefully reviewed every part of it with [his] attorney." (*Id.* at pg. 12.) Dinkin's affidavit confirms that he reviewed the plea agreement with Moore, and they gave "special consideration" to "the stipulated two point firearm enhancement . . . contained in paragraph five." (Gov'ts Resp., Ex. 1, at ¶ 5.) Dinkin and Moore "discussed the advantage of conceding the two point enhancement over the consequences of going to trial and Mr. Moore agreed to the terms of the Plea Agreement." (*Id.*) Thus, there is no validity to Moore's claim that he did not understand the terms of the plea agreement or that Dinkin failed to review such terms. For those reasons, Moore's claim is meritless.

## IV. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the

denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Moore is entitled to further consideration of his claims. Accordingly, a certificate of appealability is DENIED.

## V.  CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES the § 2255 Motion as untimely and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___7th___ day of July 2015.